UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID W. HARRIS,
    Plaintiff,

v.                          Case No. 12-CV-481

BRETT HUSTON, KEITH DODD,
MONTRELL CARTER, ANDREW BELL,
ERIC DONALDSON, CITY OF MILWAUKEE,
and CITY OF GREENFIELD,
    Defendants,

## DECISION AND ORDER

      Plaintiff, who is confined at the U.S. Penitentiary in Atlanta, filed a pro se complaint under 42 U.S.C. § 1983, regarding his stop and arrest by police officers employed by the City of Milwaukee and the City of Greenfield on June 25, 2006. Before me is plaintiff's petition to proceed in forma pauperis.

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff has been assessed an initial partial filing fee of $34.40 and he has paid that fee, along with additional partial filing fees of $36.41, $0.90, $29.65, $22.02, $12.40, $27.80, and $15.40. Thus, plaintiff's motion for leave to proceed in forma pauperis will be granted. The $171.02 remainder of the filing fee will be collected as set forth below.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009).

2

The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

Plaintiff alleges that on June 25, 2006, he was a passenger in a 2004 Ford Excursion, registered in the State of Arkansas, which was pulled over by members of the Milwaukee Police Department and members of the Greenfield Police Department. The stated reason for pulling the vehicle over was failure to display a front license plate, although only rear license plates are required by Arkansas law. Defendant Eric Donaldson is a police detective employed by the City of Milwaukee, who had information concerning a Marc Cannon who was supposed to be driving the Ford Excursion and who was supposed to be in possession of cocaine. However, at the time he instructed the other defendants to stop the Ford Excursion, Donaldson did not know who was actually in the vehicle. The defendants had their weapons drawn and pointed at plaintiff when they ordered him and the driver to get out of the vehicle.

Plaintiff argues that the Ford Excursion was illegally stopped and seized, that it was unreasonable for the officers to point their weapons at him during the stop, and that he was falsely arrested and imprisoned as a result of the illegal stop. He was previously heard on

3

Case 2:12-cv-00481-LA   Filed 01/30/13   Page 3 of 7   Document 16

this issue in his federal criminal case in this district, 06-CR-164. In that case he argued that the physical evidence seized from the Ford Excursion on June 25, 2006, should be suppressed because the police officers did not have probable cause to stop and search the vehicle. An evidentiary hearing was held on October 18, 2006, and Magistrate Judge William E. Callahan recommended that plaintiff's suppression motion be denied because there was probable cause to believe the vehicle contained contraband or evidence of criminal activity at the time of the stop. United States District Judge Rudolph T. Randa adopted that recommendation on February 13, 2007, and denied plaintiff's motion for reconsideration on March 28, 2007. Citing subsequent case law, plaintiff asked that the issue be reexamined, and Magistrate Judge Callahan analyzed and applied the additional case law and denied plaintiff's motion to reopen the evidentiary hearing. Judge Randa adopted that recommendation on November 7, 2007. Finally, the Court of Appeals for the Seventh Circuit affirmed, ruling that,

> ... the tip contained specific information about Cannon's residence, the car Harris was driving, and Anderson's interactions with both Cannon and Harris. At the very least, those details turned out to be correct. Anderson's tip also told officers that Cannon and Harris had cocaine in Harris's truck. In the "Agreed Facts" portion of his motion to suppress, Harris stipulated that "Detective Jasemin P. Miscichoski [Pasho], City of Milwaukee Police Department, reported that on Sunday June 25, 3006 at approximately 7:42 p.m. he [sic] was advised in a telephone conversation with a confidential informant that: '...a black male in his late 30's was driving a Ford green Excursion displaying Arkansas registration plate, and that inside the truck there is hidden approximately 2-3 kg of cocaine.'" While Pasho (at the time named Miscichoski) did not question Anderson about whether he had actually seen cocaine in the vehicle, Anderson had seen cocaine in Cannon's residence and had seen both Cannon and Harris in the same room with cocaine, and heard Cannon claim that Harris had driven up from Arkansas with significant quantities of it. As the district court correctly determined, that information would give officers probable cause to stop and search Harris's vehicle.

4

U. S. V. Harris, 585 F.3d 394, 402 (7th Cir. 2009). "The due process clause entitles every litigant to a full and fair opportunity to be heard; it does not entitle anyone to be heard on the same question over and over. The law of preclusion (res judicata and collateral estoppel) rests on the proposition that once is enough." In re City of Chi., 500 F.3d 582, 585 (7th Cir. 2007). Accordingly, this case is dismissed for failure to state a claim. It has been repeatedly and conclusively determined that defendants had probable cause to stop and search the vehicle and plaintiff is not entitled to relitigate that issue under § 1983. Nor do the plaintiff's allegations regarding being ordered out of the vehicle at gunpoint state a claim under the circumstances presented here. Both the trial court and the court of appeals found that the police had probable cause to believe that the vehicle's occupants were delivering a sizable shipment of cocaine from out of state, and this was sufficient justification to approach the vehicle with weapons drawn. See U.S. v. Askew, 403 F.3d 496, 508 (7th Cir. 2005) ("Drug arrests can warrant intrusive tactics because of their inherent danger. Guns are among the tools of the drug trade." (internal quotations omitted)).

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. # 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

5

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Bureau of Prisons shall collect from the plaintiff's prison trust account the $171.02 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that plaintiff's motion to determine the status of frivolity, assessment and service of complaint and affidavit is **DENIED**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2013.

<pre>                                             s/ Lynn Adelman                   
                                             LYNN ADELMAN
                                             District Judge</pre>